BEFORE THE FIRST DIVISION, JANUARY 13, 1955

**No. 58685.**—Inter-Maritime Forwarding Co., Inc. *v.* United States, protest 206038–K (New York).

MOLLISON, Judge:   The merchandise the subject of this protest is described on the invoice as "Crumb Sweepers," and was assessed with duty by the collector of customs at the rate of 50 percent ad valorem under the provision in paragraph 1506 of the Tariff Act of 1930 for "all other brushes, not specially provided for." The protest claim is for duty at the rate of 25 percent ad valorem under the provision in paragraph 339 of the said act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the Presidential proclamations carrying out the Annecy Protocol of Terms of Accession to the said agreement, reported in T. D.'s 52373 and 52476, for "* * * household * * * utensils * * *, not specially provided for * * *: Plated with silver * * *."

The case has been submitted for decision upon a stipulation of counsel that—

* * * the items marked "A" and initialed BS by Examiner Benjamin Struminski on the invoice accompanying the entry covered by the above named protest and assessed with duty at 50% ad valorem under Paragraph 1506, Tariff Act of 1930, as other brushes not specially provided for, consist of crumb sweepers entered for consumption on May 20, 1951, having the appearance of miniature carpet sweepers as represented by the attached sample marked Exhibit 1, in chief value of base metal plated with silver, not aluminum, and not enameled or glazed with vitreous glasses, imported for use and chiefly used by members of the household for the care and maintenance of the household in removing crumbs from tables.

\*         \*         \*         \*         \*         \*         \*

It was stipulated that the sample marked exhibit 1 might be received in evidence, and it is before us.   As stated in the stipulation, it consists of a miniature carpet sweeper and operates by means of a shaft through the center of the article, at each end of which shaft are attached rubber wheels, with a bristletype rotary brush between them.   The method of use obviously is that, as the article is guided over the table, the wheels cause the brush to revolve, picking up the

crumbs and depositing them into receptacles in the interior of the article. The receptacles may be emptied through the hinged top.

Neither party requested time for the filing of briefs, and none was submitted. We are of the opinion, based upon the record before us, that the articles are not brushes within the common and ordinary acceptation of that term. They are articles which consist in part of brushes, but the statute under which classification was made does not provide for such articles. It is true that insofar as they sweep crumbs from the table they have a function which a brush could perform, but it seems that they do more than merely sweep the crumbs, in that they collect and hold them in the interior receptacles. For that reason, we feel that they are less analogous to brushes than they are to carpet sweepers, or even mechanical street sweepers, neither of which would be considered to be a "brush."

The provisions of the stipulation establish that if the correct classification of the crumb sweepers is not that of brushes, as we have held, they are within the provision for household utensils, not specially provided for, plated with silver, as claimed in the protest.

Judgment will, therefore, issue sustaining the protest claim as to the items above described.